**JOY v. COLVIN, Mayor, et al.**
No. 3544.

Court of Civil Appeals of Texas. Amarillo.
Jan. 28, 1931.

Rehearing Denied Feb. 18, 1931.

J. W. Chancellor, of Bowie, and Moss & Deaver, of Memphis, for appellant.

Hamilton, Fitzgerald & Grundy, of Memphis, for appellees.

JACKSON, J.

The plaintiff, M. A. Joy, instituted this suit in the district court of Hall county, Tex., against the defendants T. L. Colvin, as mayor, J. R. Miller and J. A. Lacy, as commissioners, and Miss Edna Wallace as tax assessor and collector of the town of Turkey, in said county, to compel them to adjust the boundary lines of the town of Turkey so as to eliminate therefrom certain land, and to restrain them from levying and collecting municipal taxes for said town on the value of said land.

The plaintiff alleges that about May 8, 1926, the town of Turkey was incorporated for municipal purposes under and by virtue of article 1133, chapter 11, title 28, R. C. S., and the governing authority of the corporation was placed in a mayor and board of aldermen, who were required to perform their official duties in accordance with and subject to chapters 1 to 11, inclusive, and especially in compliance with article 970 of chapter 1 of said statutes.

That about March 27, 1928, said town, in compliance with article 1154, chapter 12 of the Revised Statutes, adopted the commission form of government, and thereby vested the governing authority of the town in a mayor and commissioners, and by virtue of art. 1163 of chapter 12, the authorities and duties of the mayor and commissioners continued to be controlled by and subject to chapters 1 to 11, and especially article 970 of chapter 1 of the statutes.

That under the authority delegated, and the duties imposed by the statutes under and by virtue of which said town was organized and governed, it was and is the duty of the mayor and aldermen and of the mayor and commissioners within one year after the town was incorporated, or as soon thereafter as practicable, and before any taxes were levied, to adjust the boundary lines of said town so as to discontinue any territory included within the corporate limits amounting to more than ten acres of contiguous, uninhabited land, adjoining the boundary line of the town.

Plaintiff alleges that on the date of the incorporation of the town of Turkey, and at all times thereafter, he owned a tract of 20.16 acres of contiguous, uninhabited land, which he sufficiently describes, situated within the corporate limits of said town and adjoining the boundary line thereof.

That said town has been incorporated and operating as a municipality for more than one year and a reasonable time has elapsed for the defendants to adjust the boundaries of said town and eliminate his land as a part thereof. That the defendants have failed and refused to do so and have undertaken and attempted to levy and collect taxes on his land for municipal purposes, and that the defendants and their successors will, in the

future, continue to levy and collect municipal taxes against such land, unless the court grants him the relief sought. That including his land within the corporate limits of the town, and the failure of the defendants to adjust the boundaries and eliminate his land from the corporate limits, and levying and assessing taxes against his land, all of which is illegal, creates a cloud upon his title.

Plaintiff prays that a writ of mandamus issue requiring defendants to adjust the boundary lines of the town of Turkey so as to eliminate his land from the corporate limits, and that they and their successors be perpetually enjoined from levying or attempting to levy or collect any taxes for municipal purposes for the past, present, or future, upon his said land, or any part thereof.

The defendants answered by general demurrer, special exceptions, and general denial.

The court sustained the defendants' general demurrer to plaintiff's petition, and, on his declining to amend, the case was dismissed, from which action of the court the plaintiff prosecutes this appeal.

Appellant contends that article 970, chapter 1, R. C. S., imposes upon the appellees the mandatory duty of adjusting the boundary lines of the town of Turkey so as to discontinue his land as a part of the municipality, since he owns a tract of contiguous, uninhabited land consisting of more than ten acres, situated within the corporate limits and adjacent to the boundary line.

If we concede that the language of said article is mandatory, it imposes no duty on appellees, because, according to appellant's petition, the town of Turkey was first incorporated in May, 1926.

Articles 967, 968, 969, and 970, were enacted in 1917 for the purposes, among other things, of empowering the council of any city, town, or village that had been incorporated under any law of the republic of Texas, to accept the provisions of certain laws and alter, change, and redefine the corporate limits of such towns, to comply with the requirements of article 777, passed in 1895 (now article 971, R. C. S.). See caption, Senate bill No. 238, 17 Gammel's Laws of Texas, 85, Acts of the 35th Legislature, c. 48.

Article 967, reads, in part: "Any city, town or village, within this State, incorporated under any law, general or special, of the Republic of Texas, regardless of the extent of the boundaries thereof, or the number of its population, may accept the provisions of Chapters 1 to 10, both inclusive, of this title, in lieu of any existing charter created by any such law of the Republic of Texas, by a two-thirds vote of the council of such city, town or village. * * *"

It is then provided when and how the action of the council shall be taken, repeals the pre-existing laws under which such town was incorporated, and confers upon such town all the "rights, powers, privileges, immunities and franchises" conferred by the provisions of chapters 1 to 10, inclusive.

Article 968 provides that the inhabitants of each city, town, or village, accepting the provisions of chapters 1 to 10 of title 28, shall continue to be a body corporate with perpetual succession, retain its name, and enjoy all the rights, immunities, powers, privileges, and franchises possessed and enjoyed by said city, town, or village at the time of the acceptance of the provisions of said title, and subject to all the duties and obligations incumbent on the corporation at the time of such acceptance, etc.

Article 969 provides that the title to all the property of every kind belonging to such city, town, or village so incorporated under and by virtue of the laws of the republic of Texas, is vested in the corporation thus created, with power to sell, alienate, appropriate the proceeds, and maintain and operate water, sewer, gas, and electric light and power systems.

Article 970 provides, in part: "Whenever there shall exist within the boundaries of any such city, town or village accepting said provisions, territory to the extent of at least ten acres contiguous, uninhabited and adjoining the lines of such city or town, the mayor and council of such city or town shall, within one year from the filing in the office of the county clerk of the action of the council accepting the provisions of this law, or as soon thereafter as practicable, and before they shall levy any taxes for said city or town by ordinance duly passed, discontinue said territory as a part of said city or town and shall redefine the bounds and limits of such city or town so that they shall conform as nearly as practicable to the requirements of article 971, and when said ordinance has been duly passed, the clerk shall enter an order to that effect on the minutes or records of the city or town council; and from and after the entry of such order, said territory shall cease to be a part of said city or town. * * *"

The language "such city, town or village accepting said provisions" and "shall redefine the bounds and limits of such city or town" clearly refers to such municipalities as were incorporated under the laws of the republic of Texas, and which accept the provisions of chapters 1 to 10.

The provisions of these articles manifestly have to do with and are limited to cities, towns, and villages incorporated under the laws of the republic of Texas. In addition to what is revealed in the caption of the act and the articles themselves, this construction is emphasized by section 5 of the act, which states, in effect, that since there is no provision whereby cities, towns, and villages

created by the laws of the republic of Texas, containing a superficial area greater than allowed in article 777 [now Art. 971, Rev. Civ. St.], can comply therewith, and no provision whereby such cities, towns, and villages may amend their charter, etc., an emergency exists for the immediate passage of the act.

The town of Turkey, having been incorporated under and by virtue of article 1133 in May, 1926, and having, in March, 1928, in compliance with article 1154, adopted the commission form of government, the appellees are not subject to the provisions of article 970, but their duties as to the territorial boundaries of the town are provided in articles 971 to 975, chapter 1, R. C. S., inclusive.

The appellant in his petition describes by metes and bounds the territory incorporated as the town of Turkey. This description discloses that the city has within its corporate limits but 480 acres of land. He does not attack the validity of the municipal corporation because of its area or on account of the number of inhabitants, or for the reason that it contains a greater per cent. of agricultural or pasture lands than is permitted under the law.

The judgment is affirmed.